FILED
CLERK, U.S. DISTRICT COURT
11/23/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_AP\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:22-cr-00271-SVW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MICHAEL ALLEN STARKWEATHER, | |
| Defendant. | |

The Grand Jury charges:

[26 U.S.C. § 5861(d)]

On or about October 15, 2022, in San Bernardino County, within the Central District of California, defendant MICHAEL ALLEN STARKWEATHER knowingly possessed a firearm, namely, a pipe bomb bearing no serial number, which defendant STARKWEATHER knew to be a firearm and destructive device, as defined in Title 26, United States Code, Sections 5845(a)(8) and 5845(f)(1)(A), and which had not been registered to defendant STARKWEATHER in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION

[26 U.S.C. § 5872; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

///

///

///

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

MITCHELL M. SULIMAN
Assistant United States Attorney
Riverside Branch Office